UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DANIELLE MICHELLE WHITE, | ) | |
| JOHN DOE No. 1, JOHN DOE No. 2, | ) | |
| (minors), | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| V. | ) | NO. 2:14-CV-115 |
| | ) | |
| STATE OF TENNESSEE, *et al.*, | ) | |
|     Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 asserts a host of claims against numerous government officials and entities and various private entities and individuals. Plaintiff's motion to proceed *in forma pauperis* was referred to the Magistrate Judge for disposition and the complaint for screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and the matter is now before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge that the complaint be dismissed as both frivolous and malicious, [Doc. 8]. Plaintiff has objected to the R&R, [Docs. 11, 12], and the matter is now ripe for disposition. For the reasons which follow, plaintiff's objections will be OVERRULED, the Magistrate Judge's R&R will be ADOPTED and AFFIRMED, and plaintiff's complaint will be DISMISSED.

Plaintiff's *pro se* complaint is typical of the numerous pleadings she has filed in this Court both in this case and in other related cases.[1] All of these cases arise, in one way or another, from an incident which occurred on July 27, 2009, while contractors with the local light and power system were spraying herbicides in the right of way for electrical transmission lines

---

[1] See Nos. 2:09-CV-211, 2:13-CV-236, 2:13-CV-237, 2:14-CV-116, 2:14-CV-117, and 2:14-CV-118

1

on the property of plaintiff. Plaintiff fired a gun after asking the workers to leave her property and was subsequently arrested and convicted of aggravated assault. She was sentenced to a term of imprisonment and is currently on parole. The Magistrate Judge accurately describes the complaint in the R&R as follows:

> The complaint defies paraphrasing; there are people discussed in the body of the complaint who are alleged to have committed some common law or constitutional tort, yet are not named in the caption as a defendant, and there are people named as parties in the caption who are never again mentioned in the complaint. Claims are asserted in one place in the complaint, then repeated in another section, sometimes with regard to the same defendant, sometimes with respect to other defendants.

[Doc. 8 at 4-5].

The Magistrate Judge filed a lengthy R&R which recommends that plaintiff's complaint be dismissed in its entirety. The plaintiff objects to some, but not all, of the Magistrate Judge's conclusions and recommendations. To the extent plaintiff has not specifically objected to the R&R, she has waived further appeal as to these portions. 28 U.S.C. § 636(d)(1). Plaintiff has filed a somewhat incoherent set of objections but as far as the Court can discern, plaintiff takes issue with the Magistrate Judge's recommendations with respect to (1) defendants named in the caption but not mentioned in the body of the complaint, [Doc. 8, § I]; (2) plaintiff's claim that her prior sentence constituted "involuntary servitude" in violation of the Declaration Of Independence, [Doc. 8, § II(1)]; (3) the Eleventh Amendment bar of plaintiff's claims against the States of Tennessee and Virginia, [Doc. 8, §§ II(1) and (10)]; (4) jurisdiction of the State of Tennessee to try plaintiff for a criminal offense, [Doc. 8II(2)]; (5) the application of *Heck v. Humphrey* application to certain of her claims, {Doc. 8 §§ II(2), (5), 6]; (6) the application of the statute of limitations to some of her claims, [Doc 8, §§ II(2), (3), (5), (6), (8), (9), (12), (13)]; (7) the duty of state and federal prosecutors to pursue criminal charges against some defendants as

2

requested by plaintiff,[Doc. 8 § II(5)]; and (8) plaintiff's Eighth Amendment claims, [Doc. 8, § (7)]. The Court will address each of these "objections" in turn.

    1.  **Persons, agencies and entities named in the caption of plaintiff's complaint but not mentioned in the body of the complaint.**

The Magistrate Judge identified 18 defendants named in the caption of plaintiff's complaint but not mentioned in the body of the complaint. In other words, plaintiff simply names the defendants in the caption of her complaint without identifying the cause of action stated against them or any factual allegations to support the claim. Plaintiff objects to the Magistrate Judge's recommendation that plaintiff's suit against all of these defendants be dismissed because "Plaintiff had planned to file an Amended Complaint detailing the issues and specifying those items as soon as service of process was allowed."

Section 1915(c)(2) requires a district court to screen and dismiss complaints that are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(c)(2)(A)and (B)(i) and (2); *see also Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's complaint fails to state a claim against these defendants because she alleges **no** facts, much less sufficient facts, to state a claim for relief. Furthermore, plaintiff's claim that she intended to file an amended complaint which remedies the deficiency in her pleading does not help her. The district court must dismiss such a complaint without first affording a plaintiff leave to amend. *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999).

A complaint is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The "term 'frivolous,' when applied to a complaint,

3

embraces not only the unarguable legal conclusion, but also the fanciful factual allegation." *Id*. "[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless . . ., a category embracing . . . allegations that are 'fanciful', . . . 'fantastic', . . . and 'delusional'. . ." *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible . . ." *Id*. at 33. And, even though a *pro se* complaint must be liberally read, a *pro se* complaint that is frivolous may nonetheless be dismissed *sua sponte*. *See Tapia-Ortiz v. Winter*, 185 F.3d 8, (2d Cir. 1999).

This objection must be OVERRULED.

**2.     "Involuntary servitude"**

Plaintiff perfunctorily alleges that the State of Tennessee is a Racketeer Influenced and Corrupt Organization and has violated "Plaintiff's Thirteenth Amendment right prohibiting slavery and involuntary servitude [and] has violated plaintiff's right to be free." [Doc. 1, ¶ 1]. As the Magistrate Judge reasonably interpreted the claim, plaintiff alleges that her prison sentence and parole subsequent to her state court felony convictions constitute "slavery and involuntary servitude." The Magistrate Judge found the claim to be patently frivolous and noted the express provision of the Amendment that slavery and involuntary servitude are prohibited "except as punishment for crimes whereof the party shall have been duly convicted." U.S. Const. amend. XIII.

Plaintiff objects to the Magistrate Judge's finding, citing the Declaration of Independence "[w]ith emphasis on paragraph 12, as reasons for [her] claim."[2] Plaintiff claims that her criminal conviction is unconstitutional and the law prohibiting aggravated assault invalidated because the

---

[2] The paragraph referred to by plaintiff reads "He [King George III] has erected a multitude of New Offices, and sent hither swarms of Officers to harass our people, and eat out their substance."

4

State of Tennessee has no jurisdiction over her in that she "never voluntarily relinquished [her] right to individual sovereignty nor [does she] feel the need to follow laws that allow sheriff's deputies to trespass, poison, violate [her] God given rights and liberties or to subjugate [her] on [her] own private property."[3]

Plaintiff's claims under the Thirteenth Amendment are patently frivolous and this objection is OVERRULED.

### 3. Eleventh Amendment immunity

Plaintiff makes numerous claims against both the State of Tennessee and the State of Virginia, outlined by the Magistrate Judge on pages six through eight and ten of the R&R. The plaintiff objects to the Magistrate Judge's finding that these claims are barred by the Eleventh Amendment. She asserts that "the Eleventh Amendment only bars citizen suits" but does not "bar 'People of the United States' suits." Plaintiff appears to claim that she is not in the first category but rather the second. Her argument is frivolous and without merit.

The Eleventh Amendment bars these suits against the State of Tennessee and the State of Virginia.[4] "The Supreme Court has affirmed repeatedly that the Eleventh Amendment bars suits in federal court against a state unless the state expressly consents to suit." *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (citing *Atascadero State Hospital v. Scanlon*, 473 U.S. 234 (1985)). Congress did not intend to abrogate a state's sovereign immunity with the promulgation of § 1983. *Id.* (citing *Edelman v. Jordan*, 415 U.S. 651, 677 (1974); *Quern v. Jordan*, 440 U.S. 332, 340-45 (1979)).

---

[3] Plaintiff's claim that the State of Tennessee lacks jurisdiction over her will be discussed further below.
[4] There is, of course, a narrow exception to Eleventh Amendment immunity for claims brought against state officers in their official capacities if the complaint alleges an on-going violation of federal law and plaintiff seeks prospective injunctive relief. *Ex parte Young*, 209 U.S. 123 (1908). Although plaintiff seeks injunctive relief, a close reading of her complaint shows that she actually claims that federal law was violated in the past. *See Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 141 (1993).

### 4. Jurisdiction of the State of Tennessee to try plaintiff for a criminal offense

In paragraph 92(a) of her complaint, plaintiff makes the somewhat bizarre assertion:

> That the State of Tennessee is an artificial entity and it does not exist in nature. The state has failed to prove that it has jurisdiction in this matter and the judge [of the state criminal court] erred by not allowing me to argue this point. The laws of God are completely void in the state of Tennessee's law books.

[Doc. 1, ¶ 92(a)].

Plaintiff extends the argument further in paragraphs 105 and 106 of the complaint.

> 105 . . . . [T]he state of Tennessee does not exist as a person and therefore should not be allowed to instigate cases on behalf of persons, much less persons that aren't even residents of said State or Country for that matter.[5]
> 106. That God is my only judge for my actions, not the Greene County Court, nor the State of Tennessee and its appointed officials. That he is the only one with jurisdiction in this matter. That ultimately, my actions in this matter were neither criminal nor harming to anyone . . . [6]

[Doc. 1, ¶¶ 105-106].

Plaintiff takes issue with the Magistrate Judge's conclusion that "the State of Tennessee has jurisdiction over those within its borders who violate its laws." [Doc. 8 at 8]. Plaintiff says the Magistrate Judge failed to cite any case law to support this finding and that the state "fails to offer any proof whatsoever that [plaintiff] voluntarily relinquished [her] God given sovereignty to the State of Tennessee." Plaintiff argues that the criminal charges against her were "patently frivolous."

---

[5] Plaintiff does not seem to appreciate the inconsistency, on the one hand, between arguing that the state has no jurisdiction to prosecute her for a criminal offense, while, on the other hand, arguing that the state has violated her constitutional rights by not investigating and prosecuting others.

[6] These allegations are similar to the arguments plaintiff has made in several of the other cases she has filed in this Court.

6

The arguments raised by plaintiff are common among those who are adherents of the "sovereign citizens" movement.[7] *See Santiago v. Century 21/PHH Mortgage*, 2013 WL 1281776, at * 3-4 (N.D. Ala., March 27, 2013). The Second Circuit has described the movement as "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 51 Fed. App'x 105, 106 n. 1, 2013 WL535776 (2d Cir. Feb. 14, 2013). *See also Gravatt v. United States*, 100 Fed. Cl. 279 (2011) ("so-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."); *Colar v. Heyns*, 2013 WL 141138, at * 3 (W.D. Mich. Jan. 11, 2013) ("The 'sovereign citizen movement' is well documented. The Federal Bureau of Investigation has classified 'sovereign citizens' as domestic terror threats because they are anti-government extremists.").

The gravamen of plaintiff's complaint is that she is not subject to the jurisdiction of the Tennessee state criminal courts and cannot be required to answer for her crimes in that forum.[8] Contrary to her argument, she, "like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *Allah El v. District Attorney for Bronx County*, 2009 WL 3756331, at * 1 (S.D. N.Y., Nov. 4, 2009). Plaintiff's revisionist legal theories are legally meritless and have been so found by every court to examine them. Plaintiff's complaint is frivolous, both legally and factually.

### 5. *Heck v. Humphrey*

---

[7] Plaintiff does not specifically identify herself as a sovereign citizen, but her beliefs are certainly akin to those held by members of the movement.

[8] Plaintiff also claims that she is subject to trial only by the Supreme Court based on her tortured reading of Article III, § 2 of the Constitution, a claim also characterized by the Magistrate Judge as frivolous, a conclusion with which this Court agrees.

The primary relief sought by plaintiff is for the Court to vacate the aggravated assault convictions "obtained erroneously," [Doc. 1, ¶ 122], and many of her other claims are based on her allegation that the convictions are invalid. The Magistrate Judge concluded that plaintiff's claim that the convictions are invalid may not be pursued in this § 1983 action, relying on *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), which held that if a judgment for plaintiff necessarily implies the invalidity of an underlying criminal conviction, the action must be dismissed unless the plaintiff can show the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Plaintiff insists in her objection that *Heck v. Humphrey* has no application here because her state convictions were "based on obstruction of justice, which resulted in a 'miscarriage of justice,'" and because she challenges the jurisdiction of the Tennessee state courts.[9] Her objections lack merit.[10]

### 6. Statute of Limitations

Congress did not prescribe a statute of limitations for claims arising under 42 U.S.C. § 1983. In such instances, such actions are subject to state rules regarding time limits. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). In Tennessee, a one-year statute of limitations is applicable to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); see Tenn. Code Ann. § 28-3-104(a)(3). Most of the actions complained of by plaintiff in this case occurred in 2009 and 2010. Her complaint was filed on April 9, 2014. The Magistrate Judge concluded,

---

[9] Plaintiff employs language also typical of "sovereign citizens" in relation to this objection. She states: "If this court and the employees of the state of Tennessee believe that they can supersede the laws of God and the laws of Nature, by not only making laws that are unconstitutional but by violating plaintiff's God given rights, then I unleash his wrath upon them."

[10] Plaintiff does have a pending petition for a writ of habeas corpus which challenges the validity of her state convictions, *see* No. 2:14-CV-116.

therefore, that the complaint for certain causes of action was filed far beyond the expiration of the statute of limitations.

In her objections, plaintiff does not contest that a one-year statute of limitations applies to this case, nor does she contest that the complaint was filed well beyond one year. Instead, she argues that (1) she could not sue these defendants in a timely fashion because her original case in this Court, No. 2:09-CV-211, was stayed while her criminal convictions were being appealed in the state courts; (2) she filed suit against one of the defendants, Helena Chemical Company, in 2009, but her "attorneys failed to work the case;" (3) that she did not "discover" her injuries related to pesticide and toxin exposure until the past year when she began to notice "painful lumps on [her] body;" and (4) the statute of limitations violates the First Amendment.

There are numerous reasons why plaintiff's objections to the Magistrate Judge's recommendation that a number of her claims be dismissed because they are barred by the applicable statute of limitations must be overruled. First and foremost, with respect to each of the time barred claims, the Magistrate Judge also identified (or there exists) alternate bases for dismissal which are not objected to by plaintiff. The following are the claims recommended for dismissal on statute of limitation grounds by the Magistrate Judge: (1) claims against Judges Dugger and Bailey, (2) claims against Public Defender Greg Eichelman; (3) claims against state employees John White, Lynn Snodderly and Kathy Booker; (4) claims against "sheriff's deputies" and officer Chuck Humphreys; (5) claims against David Caldwell; (6) claims against Greeneville Light and Power, Helena Chemical Company, Tommy Eubanks, Spraying For Excellence, and Michael Bowls; (7) claims against State of Tennessee; and (8) claims against Greene County Circuit Court Clerk Gail Jeffers.

With respect to the claims of plaintiff against Judges Dugger and Bailey, the Magistrate Judge also recommended that each be dismissed because the actions complained of were taken in their official capacities and they have absolute judicial immunity, a finding that is beyond question and to which plaintiff has not objected. With respect to the claims against Public Defender Greg Eichelman, the Magistrate Judge also recommended that the claim be dismissed because plaintiff had made only vague and conclusory allegations unsupported by material facts and thus had not stated a claim upon which relief can be granted. Once again, plaintiff has not objected to this conclusion. As far as plaintiff's claims against state employees White, Snodderly and Booker, the Magistrate Judge identified several alternate bases for dismissal—that no state employee commits a constitutional violation by refusing to investigate or prosecute anyone for a criminal offense, that a claim of negligence is not a constitutional tort, and that plaintiff does not state a claim against these defendants. Plaintiff has objected to none of these conclusions.

Plaintiff alleges that unidentified sheriff's deputies and Deputy Chuck Humphreys violated her constitutional rights by failing to properly investigate and prosecute trespassers on her property, including illegal immigrants. She also claims they violated her *Miranda* rights and entered her house without a search warrant. These claims are all subject to dismissal because, as noted by the Magistrate Judge, there is no constitutional violation when a law enforcement officer fails to investigate a criminal offense, refuses to arrest a perpetrator, or fails to prosecute. Additionally, the Magistrate Judge also found that plaintiff's claim of an illegal search and violation of her *Miranda* rights was barred by the *Heck v. Humphrey* doctrine, which is clearly correct. Additionally, these claims are subject to dismissal on the basis that they are the very same claims raised and decided adversely to plaintiff in No. 2:09-CV-211 and are barred by the

10

doctrine of *res judicata*.[11]  *See Dubuc v. Green Oak Tp*., 312 F.3d 736, 750-51 (6th Cir. 2002) (citing C*romwell v. County of Sac*, 94 U.S. 351 (1877) ("Nevertheless, the doctrine of *res judicata* necessarily applies to all matters, including new or different legal theories against the same parties, that 'might have been offered in the prior action.[']").  The plaintiff's claims against David Caldwell, Helena Chemical Company, Tommy Eubanks, Spraying For Excellence, and Michael Bowls all fail to state a claim under § 1983 because none of these defendants are state actors and therefore cannot be sued for violation of civil rights under § 1983.  Furthermore, plaintiff does not allege sufficient facts to state a plausible claim for a constitutional violation against Caldwell, Greene County Circuit Court Clerk Gail Jeffers or Greeneville Light and Power.  Finally, plaintiff's claim against the State of Tennessee Pesticide Division, presumably a state agency, is barred, as the Magistrate Judge found, on the basis of Eleventh Amendment immunity.

In short, even if plaintiff's objections based on the statute of limitations had merit, which they do not as explained below, there is an alternate basis for the dismissal of each of plaintiff's claims.  As for the specific statute of limitations related objections raised by plaintiff, although it is unnecessary to do so, the Court will consider each briefly.

Plaintiff's original case, No. 2:09-CV-211, was stayed by the Court on September 23, 2010, pending the appeal of her state court convictions.  Plaintiff argues that, because of the stay, "There were still discovery issues needing to be addressed, [and] there was no way of adding additional defendants at that time."  Plaintiff misunderstands the nature of the stay in her original civil case.  First of all, the stay merely postponed continuation of the case during the pendency of the stay.  It did not toll the statute of limitations against defendants not sued in that original case.

---

[11]  Although not considered by the Magistrate Judge, all of plaintiff's claims against Greene County, the State of Tennessee, and any of their employees likely should also be dismissed for this reason.

11

The stay entered simply suspended proceedings in that case while plaintiff's criminal convictions were appealed in the state courts. The stay order did not prevent plaintiff from filing lawsuits against other defendants on claims which did not imply the invalidity of her convictions. Second, to the extent plaintiff alleges that discovery in No. 2:09-CV-211 was necessary to allow her to discover and plead causes of action against other defendants, her argument is likewise misplaced. If plaintiff possessed sufficient evidence to draft a plausible complaint, she should have filed it. If those facts were unavailable to her, she cannot use discovery to obtain them. *See New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1053 (6th Cir. 2011) (holding that *Iqbal* prevents a plaintiff from using the discovery process to obtain facts to sufficiently plead a claim for relief that is plausible on its face).

Plaintiff's second and third arguments fare no better. Plaintiff states that she did file suit against Helena Chemical Company in 2009 but her "attorneys failed to work the case," presumably resulting in its dismissal.[12] Attorney negligence, however, is generally not a basis for tolling a statute of limitations, except in extraordinary circumstances where attorney negligence is something more than "garden variety" negligence, such as an attorney's mental incompetence or possibly drug abuse. *See Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010). In a related argument, plaintiff asserts that she did not discover her injuries from toxin and pesticide exposure until the past year, and they are thus timely. There is an overarching flaw, however, with respect to both of these arguments which renders them simply irrelevant. As the Magistrate Judge found, "The herbicide manufacturers, including Helena Chemical, were not 'state actors', *i.e.*, acting under color of state law, and they therefore cannot be sued for a violation of civil rights under 42 U.S.C. § 1983." Plaintiff has not objected to that finding.

---

[12] The case was apparently not filed in this Court. Plaintiff also states that she has a complaint against her attorneys with "the board." It is unknown whether she has also filed a malpractice suit against those attorneys.

12

Finally, plaintiff contends that statutes of limitation violate the First Amendment and that "[t]he right of the people 'to petition the Government for a redress of grievances' should hold no time limit when there has been an injustice." She cites no precedent for this novel proposition. Plaintiff certainly has a constitutional right to access to the courts, which is partially grounded in "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I; *see Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002). But the right is not absolute, s*ee McDonald v. Smith*, 472 U.S. 479, 484 (1985), and the petition clause affords only a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Here, the "limitations period does not prevent an individual from petitioning the Government; it just explains when [s]he must do so." *Hill v. Dailey*, 557 F.3d 437, 440 (6th Cir. 2009). This objection lacks merit.

### 7. Duty of state and federal prosecutors to pursue criminal charges

Plaintiff assets that prosecutors have a constitutional duty to investigate and prosecute criminal charges as requested by petitioner based on their oath to obey the Constitution. She again cites no precedent for this proposition. Indeed, there is none. As the Magistrate Judge found, it is clearly established that a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. *See Woods v. Miamisburg City Schools*, 254 F. Supp. 2d 868, 873-74 (S. D. Ohio, 2003). This objection lacks merit.

### 8. Eighth Amendment Claims

Plaintiff makes a myriad of complaints about her confinement in the Greene County Jail. The Magistrate Judge outlines her laundry list of complaints at pages 15-26 of the R&R. The Magistrate Judge recommends dismissal on the basis that the claims do not implicate the Eighth

13

Amendment's prohibition against cruel and inhumane treatment, are not cognizable in a § 1983 action, do not state a claim for a constitutional violation, assert claims on behalf of others, are vague and conclusory and without factual support, allege only a *de minimus* level of imposition, and/or are frivolous.

Plaintiff's objections are practically incomprehensible. She does not specifically object to any of the Magistrate Judge's specific conclusions. Rather, she states that her "mental anguish and fear of cancer" would "not be considered a 'Mere discomfort or inconvenience.' It is a proven fact, cancer kills people, pesticides and toxic chemical kill people, and hundreds of thousands of more people per year than guns have." She accuses the Court of not acknowledging "these facts;" yet, it is unclear how any of these allegations have any relationship to her claims related to her conditions of confinement while at the Greene County Jail. This objection is frivolous.

Secondly, plaintiff simply repeats her previously made allegations about the events of July 27, 2009. She says "if this Court doesn't see anything wrong with what has happened and thinks that it is perfectly alright for someone to come on to private property, unload a truck of illegals and start spraying them with a mixture of cancer-causing pesticides, then I would recommend and request three mental exams by a non-related party for any and all judges presiding over this case." Again, these objections have nothing to do with her Eighth Amendment claims and are frivolous.

Plaintiff also suggests, through a bold sectional heading in her objections, that the Magistrate Judge is somehow biased against her, apparently because he has found many of her claims to be frivolous and has recommended dismissal of her complaint. These unsupported and intemperate allegations are totally without merit and fall in the category of other intemperate and

increasingly hostile language used by plaintiff in this and other pleadings, e.g., an allegation that the Magistrate Judge has committed a criminal offense in violation of 18 U.S.C. § 3 (accessory after the fact), "unleashing" the wrath of God on the court, requesting not one, but three mental exams of the judges presiding over her case, etc.

CONCLUSION

For the reasons set forth herein, plaintiff's objections to the Report and Recommendation of the Magistrate Judge, [Doc. 8], dated July 2, 2014, are OVERRULED, the Magistrate Judge's Report and Recommendation is ADOPTED and AFFIRMED, and plaintiff's complaint is DISMISSED.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE